### GOLDBERG v. KRAKOW.

Circuit Court, Dade County.

July 13, 1955.

Phillips & Phillips, Miami, for plaintiff.

Ben Cohen, Miami Beach, for defendant.

VINCENT C. GIBLIN, Circuit Judge.

This cause has been finally heard and the court has carefully considered the testimony adduced before the court.

The court finds that that certain money decree or judgment of December 27, 1954, made and entered by the superior court of Cook County, Illinois, in that certain cause (numbered 45 S 13985) then pending in such court wherein Frieda Goldberg (formerly Frieda Krakow) was the plaintiff and Harry Krakow was the defendant, is entitled to full faith and credit in the courts of this state; that in and by such money decree or judgment it was ordered and decreed that "the plaintiff, Frieda Goldberg, formerly Frieda Krakow, do have and recover of and from the defendant, Harry Krakow, the sum of one thousand, two hundred, three and 50/100 dollars ($1,203.50), representing the amount of arrears in support money as at July 20, 1951, including interest thereon to date, and that plaintiff have execution therefor"; that this court should accord full faith and credit to such money decree or judgment and should make and enter herein a money decree or judgment in the plaintiff's favor for the recovery of the sum of $1,203.50 and interest thereon at the legal rate of 6% per annum from July 20, 1951 to the date of this decree; that this court is not authorized to make and enter herein a money decree or judgment for the unpaid installments which have become due, under the final decree of

August 9, 1945 made and entered by the superior court of Cook County, Illinois, in the mentioned cause (numbered 45 S 13985), since the making and entry of the mentioned money decree or judgment of December 27, 1954 and before the making and entry of this decree, and for the recovery of which no money decree or judgment has been made and entered by the Illinois court, but that the plaintiff, if she shall procure the making and entry of a money decree or judgment by such court in the mentioned cause for such subsequently accrued installments, may seek the assistance of this court in enforcing such additional money decree or judgment; that the mentioned final decree of August 9, 1945 should be established and made the decree of this court in this suit, but that (because the defendant presently is so mentally and physically incapacitated that he is unable to earn more than $15 or $20 a week) such decree should be modified pursuant to the provisions of section 65.15 of the Florida Statutes; that both of the parties have remarried since the making and entry of such final decree; that the defendant is at present largely dependent on the earnings of his wife (who is employed as a waitress in a local hotel restaurant) for his support and maintenance; and that the parties' minor daughter (for whose support and maintenance the defendant was required, in and by the mentioned final decree, to pay the plaintiff $15 a week) is in the custody of the plaintiff, is residing with the plaintiff and her present husband and is being adequately supported and maintained.

Accordingly, it is ordered and decreed—(1) that the plaintiff, Frieda Goldberg (formerly Frieda Krakow), have and recover from the defendant, Harry Krakow (also known as King Levinsky), the sum of $1,203.50 and interest on such sum, at the rate of 6% per annum, from July 20, 1951, together with her reasonable costs incurred in this suit (hereby assessed and taxed at and in the sum of $17.20), and that for the recovery of all such sums execution shall issue, as at law, on the plaintiff's application; (2) that the final decree of August 9, 1945, made and entered by the superior court of Cook County, Illinois, in that certain cause (numbered 45 S 13985) then pending in such court wherein Frieda Krakow (now Frieda Goldberg) was the plaintiff and Harry Krakow was the defendant (a copy of which is appended to, and made a part of, the plaintiff's complaint filed in this suit) be, and it is, hereby established and made the decree of this court; but that the financial requirements of such final decree be, and they are, hereby modified as hereinafter provided; (3) that the requirement of the mentioned foreign decree that the defendant pay $15 a week to the

plaintiff for the support and maintenance of the parties' minor daughter, Harlene Krakow, be, and it is, hereby suspended until the further order of this court, and that the defendant, because of his mental and physical condition and his present earning capacity, shall not be, and he is not, required, until the further order of this court, to pay any sum to the plaintiff for the support and maintenance of such child; and (4) that the defendant be, and he is, hereby required to pay to Messrs. Phillips and Phillips, the plaintiff's attorneys, the sum of $5 on Friday of each week, beginning Friday, July 15, 1955, until he shall have paid to such attorneys the total sum of $50, to compensate them for the services rendered by them in the plaintiff's behalf in this suit. The court is of the opinion that such total sum of $50 is not adequate compensation for such services, but that the defendant's earnings and earning capacity are such that it would be oppressive and inequitable to require him to pay a larger fee.

The court retains jurisdiction of the cause for the purpose of enforcing and effectuating the terms and provisions of this final decree and for the purpose of making and entering herein such other and further orders and decrees as the interests and welfare of the mentioned child shall require.